Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERATHON MEDICAL, INC., a Washington Corporation,

Plaintiff,

v.

CARESTREAM MEDICAL, LTD, a BC Corporation; and CARESTREAM MEDICAL, ULC, a BC Unlimited Liability Company, d/b/a CARESTREAM AMERICA,

Defendants.

No. 2:16-cv-00280-JCC

**DEFENDANT CARESTREAM MEDICAL, ULC'S MOTION TO STAY OR, IN THE ALTERNATIVE, DISMISS ON THE GROUND OF FORUM NON CONVENIENS**

NOTED ON MOTION CALENDAR:
**April 29, 2016**

ORAL ARGUMENT REQUESTED

## I. INTRODUCTION

By this motion, defendant CAREstream Medical, ULC ("CAREstream")[1] requests that this Court exercise its discretion to stay this action pending resolution of a contemporaneously filed lawsuit in Canada between the same parties and addressing the same legal issue: the enforceability of a contractual restraint on competition. This case presents the exceptional circumstances that warrant abstention in deference to the Canadian

[1] Defendant CAREstream Medical, Ltd. was incorporated under the Federal Canada Business Corporations Act and later continued under the British Columbia Corporations Act. However, in February 2015, the entity was a party to two amalgamations, which resulted in the formation of CAREstream Medical, ULC, the movant herein.

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888



court because CAREstream is a Canadian company, the conduct sought to be enjoined by plaintiff Verathon Medical, Inc. ("Verathon") occurs only in Canada, and the public interest effects of that injunction would be felt solely by Canadian purchasers of medical supplies. Accordingly, CAREstream respectfully requests that this Court stay further proceedings pending an outcome of the parallel action before the Supreme Court of British Columbia in *Carestream Medical ULC v. Verathon Medical, Inc.*, No. S-161689 (Vancouver Registry). In the alternative, CAREstream requests a dismissal of this action on grounds of *forum non conveniens*.

## II. STATEMENT OF FACTS

### A. For 15 Years, CAREstream, a Canadian Company, Acted as Verathon's Authorized Distributor in Canada.

CAREstream is a leading supplier of a broad range of respiratory, anesthesia and other medical products in Canada. Declaration of Dr. Al Sperry ("Sperry Decl.") ¶ 2. CAREstream is registered and organized under the laws of British Columbia, Canada. *Id*. It does not sell any products in the United States. *Id.* ¶ 3. CAREstream has developed and built a sales force across Canada, which today consists of approximately 80 sales personnel and support staff, operating from offices in British Columbia, Ontario and Quebec. *Id.* ¶¶ 2, 4. CAREstream's sales force has developed and built a large customer base across Canada, which includes hospitals, clinics, ambulance services, air ambulance services, doctors, physicians and other medical service providers. *Id*. ¶ 4.

For an approximately 15-year period ending December 31, 2015, CAREstream acted as Verathon's authorized distributor in Canada. *Id.* ¶ 5. CAREstream sold only two Verathon products: (1) the Verathon BladderScan®, and (2) the Verathon Glidescope®. *Id.* ¶ 6. These products were distributed by CAREstream pursuant to the terms of a written contract, the last renewal of which was the Distribution & Representation Agreement ("Distribution Agreement"), signed December 22, 2014. *Id.*, Ex. A.

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

CAREstream had a very strong record of success for Verathon: CAREstream met or exceeded its sales quotas for 15 of the last 16 quarters. *Id.* ¶ 7. Nonetheless, in fall 2015, Verathon informed CAREstream that it would not renew its agreement with CAREstream. *Id*. By its terms, the Distribution Agreement expired December 31, 2015. *Id.*, Ex. A, Distribution Agreement § 5.1. CAREstream ceased all sales of the BladderScan and Glidescope products as of December 31, 2015, and has sold no Verathon products since that date. *Id.* ¶ 8.

**B. Verathon Seeks to Enforce an Impermissibly Broad Restraint on Competition.**

As this Court may recall from Verathon's Motion for Temporary Restraining Order (Dkt. # 10),[2] the Distribution Agreement included a term that purports to prohibit CAREstream from distributing or selling any medical products that Verathon – in its sole discretion – deems competitive with its own:

> [D]uring the Term of this Agreement and for one (1) year thereafter, [CAREstream] will not directly or indirectly (a) manufacture, market, distribute, or sell in the Territory any product, goods, or technology that ***Verathon considers to be substitutes for, or in competition with, any of the Products covered under this Agreement*** ("Competing Products"), (b) design, copy, create, source, manufacture, promote, distribute, sell, or otherwise provide, directly or indirectly, any Competing Product to or for the benefit of any competitor, distributor, customer, or potential customer of Verathon, or (c) assist any other party in doing any of the foregoing.

Sperry Decl., Ex. A, Distribution Agreement § 9.0 ("Non-Competition Clause") (emphasis supplied).

The Distribution Agreement does not provide any limitation on the type of products Verathon can deem "substitutes for, or in competition with" its own. Because there are no limits on what products Verathon can deem competitive with its own covered products, in practical effect, the Non-Competition Clause grants Verathon unilateral, unfettered

---

[2] That motion was denied on March 16, 2016. *See* Order Denying Plaintiff's Motion for Temporary Restraining Order (Dkt. # 15).

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888



authority to dictate what medical products CAREstream can sell to hospitals, ambulance services, doctors and other medical professionals across Canada.

The risk of an overreach by Verathon is hardly theoretical: Verathon sought a temporary restraining order from this Court prohibiting CAREstream from selling broadly defined classes of medical products. *See* [Proposed] Order Granting Plaintiff's Motion for Temporary Restraining Order and Ordering Defendants to Show Cause (Dkt. # 13). While Verathon was unsuccessful in its bid to obtain such sweeping relief, the company continues to pursue relief under the Non-Competition Clause. *See* Complaint for Injunctive Relief and Damages (Dkt. # 5-1) ("Verathon Complaint"), First Claim for Relief (Injunctive Relief), Second Claim for Relief (Breach of Contract).

### C. Parallel Lawsuits in Washington and British Columbia Seek Judicial Relief Relating to the Non-Competition Clause.

#### 1. *Washington Action*

Verathon initiated this case ("***Washington Action***") in King County Superior Court on February 19, 2016. CAREstream removed the case to this Court by Notice of Removal dated February 25, 2016. *See* Notice of Removal (Dkt. # 1). In the ***Washington Action***, Verathon seeks to enforce the Non-Competition Clause, recover damages for alleged breaches of the Non-Competition Clause, and obtain other relief related to the Distribution Agreement. *See* Verathon Complaint.

Other than Verathon's unsuccessful motion for a temporary restraining order, which was denied on March 16, 2016, no motions have been filed in the ***Washington Action*** and a scheduling order has not yet been entered.[3] No discovery has been served by either party. CAREstream's answer to the Verathon Complaint is not due until May 2, 2016.

---

[3] The Court has ordered the parties to appear for a status conference on April 12, 2016. *See* Order Setting Status Conference (Dkt. # 7).

YARMUTH WILSDON PLLC

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

**2. *British Columbia Action I***

On February 19, 2016, the same day that Verathon filed its lawsuit in King County, CAREstream commenced a legal action against Verathon in the Supreme Court of British Columbia, *Carestream Medical ULC v. Verathon Medical, Inc.*, No. S-161689 (Supreme Court of British Columbia, Vancouver Registry) ("***British Columbia Action I***"). In the ***British Columbia Action I***, CAREstream seeks a declaration that the Non-Competition Clause is "null and void and unenforceable" under Canadian law and other relief related to the Distribution Agreement. *See* Declaration of Scott T. Wilsdon ("Wilsdon Decl."), Exs. A (Notice of Civil Claim) & B (Amended Notice of Civil Claim). More specifically, CAREstream seeks a judicial declaration, as follows:

> 2) A Declaration that the Non-Competition Clause is uncertain, vague, and ambiguous, and is therefore null and void and unenforceable;
>
> 3) A Declaration that the Non-Competition Clause is overbroad, and is an unreasonable restraint, restriction, and interference with trade and competition, and with Carestream's right to sell its products to its own customers, and is therefore contrary to Canadian public policy, and is therefore null and void and unenforceable;
>
> 4) A Declaration that the Non-Competition Clause is an unreasonable restraint, restriction, and interference with trade and competition, and with Carestream's right to sell its products to its own customers, and is therefore contrary to Canadian public policy, and is therefore null and void and unenforceable; [and]
>
> 5) A declaration that [Carestream] is not in breach of the Non-Competition Clause of the Distribution Agreement.

Wilsdon Decl., Ex. B, CAREstream Amended Notice of Civil Claim, at 7-8.

**3. *British Columbia Action II***

On March 14, 2016, the same day that Verathon filed its motion for a temporary restraining order in the ***Washington Action***, Verathon commenced a separate legal action in British Columbia seeking a pre-trial injunction against CAREstream based on the Non-

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

Competition Clause in the parties' Distribution Agreement. Verathon filed its application in the Supreme Court of British Columbia, *Verathon Medical, Inc. v. Carestream Medical ULC*, No. S-162354 (Supreme Court of British Columbia, Vancouver Registry) ("***British Columbia Action II***"). Wilsdon Decl., Ex. C (Notice of Application).

Despite submitting 145 pages of materials in support of its motion for a temporary restraining order from this Court, Verathon made no mention of the fact that it was seeking an identical injunction from the British Columbia Supreme Court. Indeed, while Verathon faulted CAREstream for commencing ***British Columbia Action I*** – an action it claimed violated the parties' Distribution Agreement – Verathon never disclosed to this Court that it had commenced its own proceeding in ***British Columbia Action II***. *See* Plaintiff Verathon Medical, Inc.'s Motion for Temporary Restraining Order (Dkt. # 10), at 12 ("In another demonstration of its refusal to abide by the [Distribution] Agreement, CAREstream has . . . filed an action against Verathon in the Supreme Court of British Columbia, asking that court to declare that it is not in violation of the Agreement."). In an apparent bid to hedge its bets, Verathon shopped for the same relief from two different courts.

Verathon made affirmative representations in ***British Columbia Action II*** that are relevant to the instant motion to stay or dismiss. For example, Verathon asserted in ***British Columbia Action II*** that the British Columbia Supreme Court had *in personam* jurisdiction over the parties and that "[i]t is just and lawful for the Court in this instance to grant such interim relief to enforce a contractual term pending the granting of a final order." Wilsdon Decl., Ex. C, Verathon Notice of Application, at 6.

Further, in advocating for emergency relief from the British Columbia Supreme Court, Verathon represented that "[it] had worldwide revenues in 2015 of approximately $200,000,000 and . . . ***has assets and offices in Vancouver, British Columbia***." *Id.*, at 12 (emphasis supplied). Lastly, Verathon asserted that the Non-Competition Clause is fully

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

enforceable under Canadian law, and that Verathon had met the standards for obtaining the requested injunction under Canadian law. *Id.*, at 6-12.

On March 30, 2016, the Supreme Court of British Columbia dismissed Verathon's application for a pre-trial injunction. Wilsdon Decl., Ex. D (Order Made After Application). In dismissing ***British Columbia Action II***, the British Columbia Supreme Court included a stipulation that the issue of costs resulting from Verathon's unsuccessful application would be reserved for determination by the court once the proceedings in either ***British Columbia Action I*** or the case before this Court had reached a conclusion. *Id.* ¶ 3.

CAREstream submits that this Court should stay the ***Washington Action*** pending a decision in ***British Columbia Action I*** on the enforceability of the Non-Competition Clause. In the alternative, CAREstream requests a dismissal of this action on grounds of *forum non conveniens*.

## III. ARGUMENT

### A. This Court Should Stay this Action Pending Resolution of the Parallel Canadian Action.

Where, as here, there is a parallel proceeding in a foreign country, a federal district court can decline to exercise jurisdiction pending the outcome of the foreign proceeding pursuant to the doctrine of "international abstention." In *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F. 2d 1193, 1194-95 (9th Cir. 1991), the Ninth Circuit instructed that international abstention should be guided by the principles set forth by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *See also Putz v. Golden*, 2010 WL 5071270, No. C10-0741-JLR (W.D. Wash. Dec. 7, 2010) (following *Neuchatel* and applying *Colorado River* analysis to doctrine of international abstention).

In *Colorado River* and its progeny, the Supreme Court identified six factors relevant to whether a stay of federal proceedings is appropriate: (1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888


desirability of avoiding piecemeal litigation; (4) the order in which the forum obtained jurisdiction; (5) what law controls; and (6) whether the foreign proceeding is adequate to protect the parties' rights. *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (citations omitted). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Id.* (internal quotation and citations omitted). Here, each of the relevant factors favors abstention.[4]

**1. Relative Convenience of Forums**

The relative convenience of litigating in Washington or British Columbia tips sharply in favor of British Columbia. CAREstream is a Canadian company and operates solely in Canada. Sperry Decl. ¶¶ 2, 3. None of its anticipated witnesses reside in Washington. *Id.* ¶¶ 2, 4 (CAREstream's sales staff is located in Canada; CAREstream's offices are located in British Columbia, Ontario and Quebec). Moreover, Verathon seeks to prevent CAREstream from selling certain medical products to its Canadian customers, or to seek damages for those sales. As framed by Verathon, those claims will necessarily require testimony or other forms of discovery from hospitals, ambulance services, doctors and other medical professionals served by CAREstream across Canada – all of whom are beyond subpoena power in the ***Washington Action***.

Verathon should not be heard to complain that it would be unduly inconvenienced by litigating in British Columbia. Notably, Verathon freely admits it is a $200 million multinational business with "assets and offices in Vancouver, British Columbia." Wilsdon Decl., Ex. D, Verathon Notice of Application, at 12. By comparison, CAREstream is a fraction of that size in terms of sales and operates only from offices in three Canadian provinces. Sperry Decl. ¶¶ 2, 4. More importantly, Verathon has <u>itself</u> initiated litigation

[4] The first and fourth factors under *Colorado River* are not pertinent in this case because neither this Court nor the British Columbia Supreme Court has assumed jurisdiction over a *res* (first factor) and because the ***Washington Action*** and the ***British Columbia Action I*** were filed on the same day, such that neither forum is given temporal priority (fourth factor).

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

against CAREstream in ***British Columbia Action II*** – plainly demonstrating its comfort in proceeding in Canada.

**2. Avoidance of Piecemeal Litigation**

Proceeding in Canada would avoid piecemeal and duplicative litigation. In the ***Washington Action***, Verathon seeks an injunction preventing CAREstream from selling allegedly competing products. Because CAREstream sells products only in Canada, that injunction will have effect only in Canada, where it would block certain sales by CAREstream and limit where Canadian hospitals, clinics and other consumers of medical supplies can acquire the products they need. Whether the Non-Competition Clause is unenforceable under Canadian law, and whether that contractual term is "an unreasonable restraint, restriction, and interference with trade and competition [in Canada]" and "contrary to Canadian public policy" are issues squarely joined and awaiting a ruling in ***British Columbia Action I***. Wilsdon Decl., Ex. B, CAREstream Amended Notice of Claim, at 7-8.

The Supreme Court of British Columbia is uniquely suited to address the issue of whether this restraint on competition is contrary to Canadian law or Canadian public policy. Having vigorously argued that the Non-Competition Clause is valid under Canadian law in ***British Columbia Action II***, *see* Wilsdon Decl., Ex. D, Verathon Notice of Application, at 6-12, Verathon should not be heard to complain that this Court is better suited to make that determination. No doubt it was precisely for that reason that Verathon <u>sought</u> an injunction from the British Columbia Supreme Court in ***British Columbia Action II***. Having failed in British Columbia, Verathon should not be allowed to forum shop by seeking that relief from this Court, particularly in consideration of important issues of Canadian public policy that would be implicated by such an injunction.

On a practical level, ***British Columbia Action I*** is moving forward and Verathon will need to file its response CAREstream's claims later this month. Even if Verathon were to seek a stay of ***British Columbia Action I*** – which it has not – the parties will still be

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

required to return to the British Columbia Supreme Court to resolve CAREstream's claim for costs arising from the now dismissed ***British Columbia Action II***. *See* Wilsdon Decl., Ex. D, Order Made After Application ¶ 3.

**3. Choice of Law**

The fifth *Colorado River* factor – the issue of which law controls – also favors ***British Columbia Action I*** or is at least neutral in the Court's determination of whether to stay this action. The Distribution Agreement states it is governed by Washington law. Sperry Decl., Ex. A, Distribution Agreement § 10.4.[5] However, as discussed above, whether the Non-Competition Clause is a lawful restraint on competition is a question of Canadian law and Canadian public policy. *See Grammar, Inc. v. Custom Foam Sys. Ltd.*, 482 F. Supp. 2d 853, 859 n.8 (E.D. Mich. 2007) (holding Michigan jurisdiction and choice of law clause did not favor proceeding in Michigan case under *Colorado River* analysis).

Moreover, the Distribution Agreement contemplated the application of Canadian law by expressly prohibiting actions that "would have the effect of causing Verathon to be in violation of any laws or regulations in effect in either the United States ***or any applicable country***." Sperry Decl., Ex. A, Distribution Agreement § 6.0 (emphasis supplied). As concerns the injunction Verathon seeks, the "applicable country" is unmistakably Canada. Verathon tacitly conceded that point when it argued vigorously for an injunction in ***British Columbia Action II***, relying on Canadian law. Wilsdon Decl., Ex. D, Verathon Notice of Application, at 6-12.

**4. Adequacy of Foreign Forum**

Finally, ***British Columbia Action I*** is a more than adequate forum to address both parties' interests. The Supreme Court of British Columbia is the appropriate court to

---

[5] Section 10.4 further provides that "[t]he parties agree to submit to the jurisdiction of state and federal courts location in Seattle, Washington USA." The Distribution Agreement does not, however, preclude the jurisdiction of Canadian courts over disputes arising under the Distribution Agreement, as it does not provide for *exclusive* jurisdiction or venue of all disputes in the state and federal courts in Seattle, WA.

1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888



address whether the Non-Competition Clause comports with Canadian law and Canadian public policy. Verathon, for its part, can have all of its claims heard in ***British Columbia Action I***. *See Grammar,* 482 F. Supp. 2d at 858 (recognizing Canadian courts permit counterclaims and staying United States action in favor of parallel Canadian proceeding).

Where, as here, there is a parallel foreign proceeding in which all of the issues in a federal case can be resolved and the *Colorado River* factors favor abstention, federal district courts routinely stay the proceedings pending the outcome of the foreign proceeding. *See e.g., Grammar*, 482 F. Supp. 2d at 858-60; *National Union Fire Ins. Co. of Pittsburgh, PA v. Kozeny*, 115 F. Supp. 2d 1243 (D. Col. 2000).

*Grammar* is instructive. There, as in this case, a Canadian company and a Michigan company were parties to a contract, and each initiated litigation related to that contract: the Canadian company brought a breach of contract claim in Canada and the Michigan company filed suit in the United States, seeking declaratory relief and damages under the same contract. 482 F. Supp. 2d at 857-58. The court found the Michigan case and the Canadian case to be parallel because "[t]he principal issue in both actions is the same set of commercial transactions that occurred between the same two parties, and the resolution of the contractual rights and duties in either of the pending cases will likely resolve the issues in the other case." *Id.* at 857. Analyzing the *Colorado River* factors, the court determined abstention was warranted, based on factors including: avoidance of piecemeal litigation and conflicting results; the absence of an issue of federal law; that the Canadian proceeding was further along than the Michigan proceeding; and the adequacy of the Canadian court to protect the parties' rights. *Id.* at 860.

Here, as in *Grammar*, there is no question that ***British Columbia Action I*** is a "parallel" proceeding in which the parties can have complete relief of their claims. The case involves the same parties and substantially the same issues arising out of the same contract (Distribution Agreement) and series of transactions (the parties' performance under

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

that agreement). Indeed, as concerns the Non-Competition Clause, ***British Columbia Action I*** raises precisely the same issue – whether that clause is enforceable. And, as in *Grammar*, abstention would avoid piecemeal and duplicative litigation; the Canadian proceeding is continuing; there is no issue of federal law; and the Canadian court is more than adequate to protect the parties' interests.

### B. Alternatively, this Court Should Dismiss the Case on Grounds of *Forum Non Conveniens*.

This Court has broad discretion to dismiss this case on grounds of *forum non conveniens*. *Cheng v. Boeing Co.*, 708 F.2d 1406, 1409 (9th Cir. 1983). When the choice of forum is between a United States and foreign forum, the court must examine: "(1) whether an adequate alternative forum exists, and (2) whether the balance of private and public interest factors favors dismissal." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citations omitted).

The private interest factors to be examined include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Cheng v. Boeing Co.*, 708 F.2d 1406, 1409-10 (9th Cir. 1983). Relevant public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies resolved at home; the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* at 1410.

Dismissal is proper when, in light of the above factors, "defendants have made a clear showing that either: (1) establish such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Miskow v. Boeing Co.*, 664 F.2d 205, 208 (9th Cir. 1981) (citations omitted).

Verathon has itself initiated suit against CAREstream in the British Columbia Supreme Court, so it can hardly protest the adequacy of that court as an alternative forum. The United States Supreme Court has held that, ordinarily, when a defendant is subject to service of process in the foreign forum, it is a suitable alternative forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981). Here, CAREstream is unquestionably subject to service of process in Canada; indeed, CAREstream has already been served by Verathon in Canada in its unsuccessful application for an injunction in ***British Columbia Action II***.

As for the relevant private interest factors, as discussed *supra*, CAREstream and its anticipated witnesses all are Canadian residents or located outside Washington. The Canadian witnesses – which would include CAREstream's customers in Canada and, likely, the Canadian company that replaced CAREstream as the authorized distributor for Verathon – are beyond the subpoena power of this Court. *See Gund v. Philbrook's Boatyard*, 374 F. Supp. 2d 909, 913 (W.D. Wash. 2005) (holding fact that United States court would not have jurisdiction to compel appearance of defendant's Canadian non-party witnesses favored dismissal in favor of Canadian court).

As for Verathon's witnesses, presumably some of its witnesses are employees in Verathon's offices in Vancouver. *See* Wilsdon Decl., Ex. C, Verathon Notice of Application, at 12. And while other Verathon employees may be beyond subpoena in ***British Columbia Action I***, those employees would presumably participate willingly in support of Verathon's claims to enforce the Non-Competition Clause or to seek damages thereunder. *See Gund*, 374 F. Supp. 2d at 913 ("Plaintiff's own witnesses are unlikely to resist testifying wherever the trial is held.").

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

The public interest factors likewise counsel in favor of dismissal. There is no local interest in this lawsuit beyond Verathon's residency in this state: The ***Washington Action*** concerns a Non-Competition Clause that has effect only in Canada. Moreover, while the Distribution Agreement is governed by Washington law, whether it is enforceable in Canada raises questions of Canadian law and Canadian public policy. Because the private and public factors favor dismissal, this Court should decline to exercise jurisdiction on grounds of *forum non conveniens*.

## IV. CONCLUSION

In this litigation, Verathon seeks an injunction that would prevent CAREstream, a Canadian company, from selling medical products to its Canadian customers. Because the effects of that injunction would be felt solely in Canada and a pending parallel proceeding in Canada provides an adequate forum for resolving all of the parties' disputes, this Court should stay this proceeding pending resolution of the Canadian case. In the alternative, this Court should dismiss this action on grounds of *forum non conveniens*.

DATED: April 7, 2016

**YARMUTH WILSDON PLLC**

By: *s/ Scott T. Wilsdon*
Scott T. Wilsdon (WSBA #20608)
John H. Jamnback (WSBA #29872)
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Phone: (206) 516-3800
Fax: (206) 516-3888
Email: wilsdon@yarmuth.com
Email: jjamnback @yarmuth.com

*Attorneys for Defendants CAREstream Medical, LTD and CAREstream Medical, ULC*

DEFENDANT CARESTREAM'S MOTION TO STAY OR DISMISS
NO. 2:16-cv-00280-JCC – Page 14

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph J. Straus
Farron Curry
SCHWABE, WILLIAMSON & WYATT, P.C.
Email: jstraus@schwabe.com
fcurry@schwabe.com

***Attorneys for Plaintiff Verathon Medical, Inc.***

Dated: April 7, 2016, at Seattle, Washington.

*s/Vassie Skoulis*
Vassie Skoulis, Legal Assistant

DEFENDANT CARESTREAM'S MOTION TO STAY OR DISMISS
NO. 2:16-cv-00280-JCC – Page 15

YARMUTH WILSDON PLLC
1420 FIFTH AVENUE, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

902.01 qd048301 4/7/16