THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERATHON MEDICAL, INC., a Washington Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>CARESTREAM MEDICAL, LTD, a BC Corporation; and CARESTREAM MEDICAL, ULC, a BC Unlimited Liability Company, d/b/a CARESTREAM AMERICA,<br><br>                    Defendants. | Case No. 2:16-cv-00280-JCC<br><br>PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY OR DISMISS ON THE GROUND OF FORUM NON CONVENIENS<br><br>**NOTED FOR HEARING:  APRIL 26, 2016** |

Defendant CAREstream Medical, ULC ("CAREstream")'s Motion to Stay or, in the Alternative, Dismiss on the Ground of Forum Non Conveniens is an intellectually dishonest motion submitted to delay this case. Plaintiff Verathon Medical, Inc. ("Verathon") respectfully requests that the Court:

1. Deny CAREstream's Motion to Stay or, in the Alternative, Dismiss on the Ground of Forum Non Conveniens;

2. Order CAREstream to show cause why submission of the instant motion did not violate Fed R Civ Pro 11(b) and warrant reimbursement by CAREstream to Verathon for the fees Verathon expended to respond to said motion; and

3. Schedule a Status Conference for the first available date on the Court's calendar.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 1
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

## I.     INTRODUCTION

This case involves a Distribution & Representation Agreement between Verathon and CAREstream and, most specifically, the Non-Competition clause of that Agreement, which CAREstream admits it is currently violating and which expires on December 31, 2016. In the Distribution & Representation Agreement, Verathon and CAREstream explicitly agreed the Agreement would "be **governed by**, and interpreted in accordance with the laws of the State of Washington and the United States of America" and that they each "submit to the jurisdiction of the state and federal courts located in Seattle, Washington, USA."[1] In other words, the Agreement contains contractually negotiated venue, jurisdictional, and choice of law terms. CAREstream seeks to evade all three.

Despite the forum and choice of law clauses to which it agreed, CAREstream requests that this Court either (1) abstain from hearing this case in "deference" to a Canadian court or (2) dismiss the case on the grounds of forum *non conveniens*. CAREstream has failed to establish that it is entitled to either form of relief. Notably, CAREstream failed to even **mention** the parties' forum selection or choice of law clauses in its motion, let alone argue why they should not govern. It simply ignores these contractual terms.

CAREstream's baseless motion is the latest in a series of stall tactics by CAREstream attempting to "run out the clock" on enforcement of the Non-Competition clause. Accordingly, Verathon respectfully requests that the Court deny CAREstream's motion, order CAREstream to show cause why submission of the instant motion did not violate Fed R Civ Pro 11(b), and schedule a Status Conference for the earliest possible date so the parties can schedule a date by which to obtain a determination on the merits in this Court.

## II.     RELEVANT FACTS OMITTED BY CARESTREAM

Verathon designs and manufactures medical devices, including GlideScope® video

---

[1] Sperry Decl. Exhibit A at ¶ 10.4 (emphasis added).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 2

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

laryngoscopes and BladderScan® portable bladder ultrasounds.[2] CAREstream distributed Verathon's GlideScope and BladderScan products for about 15 years, until December 31, 2015.[3] The final year of the business relationship was governed by a 2015 Distribution & Representation Agreement (hereinafter referred to as "the Agreement").[4] The Agreement contained a one-year Non-Competition clause, in effect from January 1 to December 31, 2016.[5]

**A.**   **The Agreement contains a Washington choice of law and forum selection clause.**

The Agreement contained a choice of law and forum selection clause that provides as follows:

> 10.4   **This Agreement will be governed by, and interpreted in accordance with the laws of the State of Washington and the United States of America**. To the extent and in the event the United Nations Convention on Contracts for The International Sale of Goods could be applicable by operation of the laws of the United States of America and of the State of Washington, the Parties hereby opt out of the application of the Convention and any applicable international discovery and service of process conventions shall be inapplicable. **The Parties agree to submit to the jurisdiction of the state and federal courts located in Seattle, Washington, USA.**[6]

Curiously, CAREstream attempted to ignore the above provision in its motion.

**B.**   **"British Columbia Action I" is not parallel to this action.**

Verathon initiated the instant case on February 19, 2016.[7] Verathon's Complaint for Injunctive Relief and Damages in this matter asserts the following claims against

---

[2] Complaint ¶ 3.1.

  [3] Sperry Decl. ¶ ¶ 5-6.

[4] Sperry Decl. ¶ ¶ 5-6 and Exhibit A.

[5] Sperry Decl. Exhibit A at ¶ 9.0.

[6] Sperry Decl. Exhibit A at ¶ 10.4 (emphasis added).

[7] *See* Notice of Removal (Dkt #1).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 3
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

CAREstream, all of which arise from CAREstream's breaches of the Agreement:   (1) Injunctive relief; (2) Breach of contract; (3) Replevin/foreclosure; (4) Violation of the Uniform Trade Secrets Act; (5) Conversion; and (6) Tortious Interference.[8] Verathon has never amended its Complaint.

On February 19, 2016, CAREstream commenced a lawsuit against Verathon in the Supreme Court of British Columbia; CAREstream refers to that case as "British Columbia Action I."[9] In British Columbia Action I, CAREstream's Notice of Civil Claim sought the following relief:   "(1) Judgment in the amount of $26,879.01, being the amount of the Unpaid Commissions and Bonuses; (2) A declaration that the Plaintiff is not in breach of the Non-Competition Clause of the Distribution Agreement;" and interest and costs.[10] British Columbia Action I did <u>not</u> seek any determination by the Canadian court regarding the enforceability of the Non-Competition clause of the Agreement.[11]

Nearly a month later, on March 14, 2016, the same day Verathon filed its Motion for Temporary Restraining Order in this Court, CAREstream filed an Amended Notice of Civil Claim in British Columbia Action I.[12] In that Amended Notice, CAREstream revised its requested relief to look more similar to <u>some</u> of the issues involved in this action.[13]

---

[8] Complaint for Injunctive Relief and Damages (hereinafter "Complaint"), attached to Notice of Removal (Dkt #1).

[9] Wilsdon Decl. ¶ 1 and Exhibit A.

[10] Wilsdon Decl. Exhibit A at p. 6.

[11] *See id.*

[12] Wilsdon Decl. Exhibit B. Mr. Wilsdon's declaration states that the Amended Notice of Civil Claim was filed on February 25, 2016. That is incorrect; it was filed March 14, 2016. *See id.* Verathon presumes that was a typo in Mr. Wilsdon's declaration.

[13] *See* Wilsdon Decl. Exhibit B.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 4
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

**C.**    <u>British Columbia Action I has been stayed per the request of CAREstream.</u>

Only one thing has taken place in British Columbia Action I: Verathon has filed a Jurisdictional Response to the action, stating that Verathon "disputes that this court has jurisdiction over this defendant."[14] No substantive answer to the allegations in British Columbia Action I has been filed.[15] No judge has been assigned.[16] No discovery has taken place.[17] No hearing or trial dates have been set.[18]

On April 20, 2016, CAREstream proposed that the parties agree to a stay of British Columbia Action I pending this Court's determination of the instant motion.[19] Verathon agreed that British Columbia Action I should be held in abeyance at this time.[20] Under the British Columbia Supreme Court Civil Rules, counsel are empowered to make agreements such as this without the need to obtain a formal court order temporarily staying the proceeding.[21]

**D.**    <u>"British Columbia Action II" was solely an application for an interim injunction in Canada pending the outcome of *this* action.</u>

1.    CAREstream's motion attempts to mischaracterize the nature and purpose of British Columbia Action II. On March 14, 2016, Verathon filed an Application with the Supreme Court of British Columbia seeking an interim injunction against CAREstream

---

[14] Declaration of Shane D. Coblin ("Coblin Decl.") ¶ 2 and Exhibit A.

[15] Coblin Decl. ¶ 2.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* ¶ 3.

[20] *Id.* ¶ 3 and Exhibit B.

[21] *Id.* ¶ 3 and Exhibit C.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 5
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

pending the outcome of this case.[22] The Application was brought as a stand-alone proceeding and, as such, was assigned its own cause number.[23] The Application was not brought as part of British Columbia Action I; the Application was not a cross-complaint or cross-claim to British Columbia Action I.[24] The common law in British Columbia provides a mechanism whereby a stand-alone Application can be brought before the British Columbia Supreme Court seeking interim injunctive relief in support of a matter that is proceeding before another court or tribunal.[25] The purpose of Verathon's Application was not "a bid to hedge its bets" as CAREstream's counsel suggests; the Application was intended to obtain interim injunctive relief undisputedly enforceable in British Columbia pending the final outcome of this case.[26]

When this Court denied Verathon's motion for a temporary restraining order, Verathon elected to voluntarily dismiss its Application for an interim injunction in British Columbia Action II.[27] Contrary to what has been asserted in CAREstream's motion, the Application for an interim injunction was **not** dismissed by the Supreme Court of British Columbia following a hearing on its merits. There was no such hearing. The parties entered into a **consent order** agreeing to dismiss the application.[28] There was no determination or judgment on the merits whatsoever.[29] The voluntary dismissal of Verathon's Application was

---

[22] Wilsdon Decl. Exhibit C.

[23] Coblin Decl. ¶ 7.

[24] *Id.* ¶¶ 7–8.

[25] *Id.* ¶ 8.

[26] *Id.* ¶ 9.

[27] Coblin Decl. ¶ 10.

[28] *Id.*

[29] *Id. See also* Wilsdon Decl. Exhibit D at ¶ 2 ("This dismissal will not create a res judicata in the event that the Plaintiff applies for an injunction at a later date . . . .")

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 6

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1 akin to withdrawing a pending motion, or a voluntary nonsuit.[30]

2 ### III.   ARGUMENT AND AUTHORITY

3 #### A.   CAREstream agreed to jurisdiction and venue in Washington.

4 CAREstream voluntarily and knowingly submitted itself to the laws and jurisdiction

5 of Washington when it entered into the Agreement. Again, the Agreement explicitly

6 provided that it "will be governed by, and interpreted in accordance with the laws of the

7 State of Washington and the United States of America" and "The Parties agree to submit to

8 the jurisdiction of the state and federal courts located in Seattle, Washington, USA."[31]

9 The Ninth Circuit has recognized that "forum selection clauses are increasingly used

10 in international business. When included in freely negotiated commercial contracts, they

11 enhance certainty, allow parties to choose the regulation of their contract, and enable

12 transaction costs to be reflected accurately in the transaction price."[32] " Forum-selection

13 clauses are prima facie valid and should be enforced unless enforcement is shown by the

14 resisting party to be unreasonable under the circumstances."[33] CAREstream did not argue

15 that the forum selection clause in the Agreement is unreasonable under the circumstances.

16 Nor could CAREstream make such a showing. A forum selection clause is unreasonable only

17 if: "(1) its incorporation into the contract was the result of fraud, undue influence, or

18 overweening bargaining power; (2) the selected forum is so gravely difficult and

19 inconvenient that the complaining party will for all practical purposes be deprived of its day

20 in court; or (3) enforcement of the clause would contravene a strong public policy of the

21

22

---

23 [30] *See* Coblin Decl. ¶ 10.

24 [31] Sperry Decl. Exhibit A at §10.4.

[32] *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006).

25 [33] *Holland Am. v. Wartsila N. Am., Inc.*, No. C04-1368RSM, 2004 U.S. Dist. LEXIS 28477,
26 at *8 (W.D. Wash. Dec. 9, 2004).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 7

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1    forum in which the suit is brought."[34] CAREstream has not, and cannot, put forth evidence to

2    establish any of these scenarios. Accordingly, the forum selection clause in the Agreement is

3    prima facie valid and must be enforced.

4            In its motion, CAREstream completely omitted and ignored the fact that the

5    Agreement contains a Washington choice of law and forum selection clause. CAREstream's

6    motion relies instead only on cases where no such clause was in play. Accordingly, the case

7    law principles CAREstream cites are inapposite to the actual circumstances here. Contrary to

8    CAREstream's argument, cases that actually involve a choice of law and/or forum selection

9    clause support denial of CAREstream's motion. Accordingly, the motion is not well

10   grounded or well-taken. It appears to be dishonest intellectually.

11           For example, in *E. & J. Gallo Winery v. Andina Licores S.A.*, the Ninth Circuit

12   declined to extend comity to a foreign action instituted solely in an effort to "evade the

13   enforcement of an otherwise valid forum selection clause," explaining:

14           In a situation like this one, where private parties have previously agreed to
             litigate their disputes in a certain forum, one party's filing first in a
15           different forum would not implicate comity at all. No public international
             issue is raised in this case. There is no indication that the government of
16           Ecuador is involved in the litigation. Andina is a private party in a
             contractual dispute with Gallo, another private party. The case before us
17           deals with enforcing a contract and giving effect to substantive rights. This
             in no way breaches norms of comity. Under the reasoning of the district
18           court, any party seeking to evade the enforcement of an otherwise-valid
             forum selection clause need only rush to another forum and file suit. Not
19           only would this approach vitiate United States policy favoring the
             enforcement of forum selection clauses, but it could also have serious
20           deleterious effects for international comity.[35]

21

22   Likewise, courts in this circuit have held that "[i]f the parties have selected laws mandating a

23   particular venue, the law chosen dictates the forum and the doctrine of forum *non conveniens*

24   _____

25   [34] *Id.*

26   [35] 446 F.3d at 994 (emphasis added).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 8
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

is inapplicable."[36]

"[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases."[37] This is not an exceptional case. Nor does CAREstream suggest, let alone establish, anything making these facts an exception to the general rule. The parties' choice of law and forum selection clauses in the Agreement should control. Accordingly, CAREstream's motion should be denied.

### B.   CAREstream has failed to establish that the international abstention doctrine should be applied in this case.

CAREstream argues that where "there is a parallel proceeding in a foreign country, a federal district court can decline to exercise jurisdiction pending the outcome of the foreign proceeding."[38] CAREstream has failed to establish British Columbia Action I and this action are parallel, or that the circumstances of this case are sufficiently exceptional to justify invocation of the narrowly construed abstention doctrine.

#### 1.   Because there is no parallel proceeding in a foreign country, the international abstention doctrine does not even apply.

As CAREstream admits, the international abstention doctrine only applies when the foreign action is parallel to the District Court action. "When there is substantial doubt as to whether the foreign proceeding will resolve the federal action, there is no need to even undertake th[e] *Colorado River* multifactor analysis."[39] As the United States Supreme Court has put it

---

[36] *Magellan Real Estate Inv. Tr. v. Losch*, 109 F. Supp. 2d 1144, 1149 (D. Ariz. 2000) (denying motion to dismiss on grounds of forum *non conveniens*).

[37] *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-cv-02311-RSM, 2014 U.S. Dist. LEXIS 176327, at *11 (W.D. Wash. Dec. 19, 2014) (citing *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 134 S.Ct. 568, 579 (2013)).

[38] CAREstream's Motion at 7:15–17.

[39] *Putz v. Golden*, 2012 U.S. Dist. LEXIS 91506 (W.D. Wash. July 2, 2012) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n. 7 (9th Cir. 1993)).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\129642\213666\FDL\18026694.1

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel [] litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.[40]

"Thus, 'the existence of a substantial doubt as to whether [proceedings in another forum] will resolve the federal action precludes the granting of a stay.'"[41]

This action and British Columbia Action I are not parallel. There is no action for injunctive relief pending in Canada. In this action, Verathon has sued CAREstream for (1) Injunctive relief; (2) Breach of contract; (3) Replevin/foreclosure; (4) Violation of the Uniform Trade Secrets Act; (5) Conversion; and (6) Tortious Interference.[42] In British Columbia Action I, CAREstream sought (1) a judgment in the amount of $26,879.01 and (2) a declaration that CAREstream is not in breach of the Non-Competition clause of the Agreement.[43] Both of those could be asserted as permissive counterclaims in this action. The fact that CAREstream has subsequently amended its claims in British Columbia Action I in order to make that action look more similar to some of the issues in this action does not make the two actions parallel. They simply are not.

The Canadian action will not resolve all of the claims and issues in this action. Therefore, the Court need not even reach the *Colorado River* analysis to deny CAREstream's motion to stay.[44] CAREstream's request for a stay should be denied.

---

[40] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

[41] *Putz*, 2012 U.S. Dist. LEXIS 91506 *36 (quoting *Intel*, 12 F.3d at 913).

[42] *See* Complaint (Dkt #1).

[43] Wilsdon Decl. Exhibit A at p. 6.

[44] *Putz*, 2012 U.S. Dist. LEXIS 91506 at *36; *See also Ekland v. Marketing Co. of Cal., Inc. v. Lopez*, 2007 U.S. Dist. LEXIS 57749 at *4 (E.D. Cal. Aug. 8, 2007) (denying motion to stay proceedings pursuant to international abstention doctrine pending outcome of Spanish proceedings where contracts at issue in the two matters were different, and the complaint in federal court also alleged tort claims not at issue in the Spanish proceedings).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION   CASE NO. 2:16-CV-00280 - 10

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

2.   <u>Even if British Columbia Action I was a parallel proceeding (which it is not), CAREstream has failed to demonstrate that the circumstances of this case are sufficiently exceptional to call for application of the narrowly applied international abstention doctrine.</u>

Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."[45] In other words, abstention "is the exception, not the rule."[46] The "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction."[47] To determine whether the necessary "exceptional circumstances" exist to justify invocation of the abstention doctrine, courts consider the following factors:  (1) whether either court has assumed jurisdiction over a res, (2) the relative convenience of the forums, (3) the desirability of avoiding piecemeal litigation, (4) the order in which the forums obtained jurisdiction, (5) what law controls, and (6) whether the foreign proceeding is adequate to protect the parties' rights.[48] CAREstream has failed to establish that the circumstances of this case warrant abstention. To the contrary, a proper analysis of the relevant factors favors denial of abstention in this case.

a.   *Factor 1 – jurisdiction over a res – does not favor abstention.*

The first factor for a court to consider when deciding whether to exercise its discretion to stay a case under the international abstention exception is "whether either court has assumed jurisdiction over a *res*." As CAREstream admits, the Canada court has not assumed jurisdiction over a *res*. If any court were able to obtain jurisdiction over a relevant *res*, it would be this Court since the parties agreed in their forum selection clause that they

---

[45] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976); *see also Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1194 (9th Cir. 1991).

[46] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14 (1983).

[47] *Colorado River*, 424 U.S. at 816.

[48] *See Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 11
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

1   "submit to the jurisdiction of the state and federal courts located in Seattle, Washington,

2   USA."[49] Accordingly, the first factor in the analysis does not favor abstention.

3              b.      *Factor 2 – the relative convenience of the forums –*
                       *does not favor abstention.*
4

5          CAREstream has failed to demonstrate that it would be more convenient to litigate

6   this case in British Columbia than in this Court as the parties agreed in their forum selection

    clause. CAREstream cannot even establish that either forum would be equally convenient to
7
    one party versus the other which would, of course, be insufficient to compel application of
8
    the international abstention exception.[50] This Court is the more appropriate and convenient
9
    forum, and that with subpoena power over the necessary witnesses.
10
           CAREstream argues that "[n]one of its anticipated witnesses reside in Washington."[51]
11
    But CAREstream has not shown, and cannot show, that any of the parties' anticipated
12
    witnesses reside in British Columbia either. Nor has CAREstream shown that any anticipated
13
    witnesses are subject to compulsory process in British Columbia.[52] CAREstream's President
14
    and CEO, Dr. Al Sperry, resides in Florida.[53] Verathon's Vice President of Global Sales &
15
    Commercial Operations, Andrew Olen, resides in Wisconsin.[54] Both these key witnesses —
16
    the only two witnesses who have to date filed a declaration in this action — reside in the
17
    United States (not Canada) and are within the subpoena power of United States federal courts
18
    (not of Canada).[55]
19

20   _____

21   [49] Sperry Decl. Exhibit A at §10.4.

22   [50] *See Nakash*, 882 F.2d at 1415 n.6 (equally convenient forums are irrelevant).

     [51] CAREstream's Motion at 8:10–11 (citing Sperry Decl. ¶¶ 2–3).
23
          [52] *See* Coblin Decl. ¶¶ 5–6.
24
     [53] Declaration of Farron Curry ("Curry Decl.") ¶ 3 and Exhibits A and B.

25   [54] Curry Decl. ¶ 2.

          [55] *See* Coblin Decl. ¶¶ 5–6.
26
     PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE          SCHWABE, WILLIAMSON & WYATT, P.C.
     IN OPPOSITION TO DEFENDANT'S MOTION  CASE                      Attorneys at Law
                                                              1420 5th Avenue, Suite 3400
     NO. 2:16-CV-00280 - 12                                       Seattle, WA  98101-4010
     PDX\129642\213666\FDL\18026694.1                             Telephone: 206.622.1711

Moreover, while CAREstream <u>argues</u> that other third-party witnesses might be beyond the subpoena power of this Court, CAREstream provides no evidence or explanation to support that contention. CAREstream has failed to identify a single actual witness who would be subject to subpoena power in the British Columbia court, but not in this Court. CAREstream also fails to explain why the parties would refuse to act cooperatively in discovery to make their respective material witnesses available in this forum. Presumably, witnesses not adverse, but favorable to one side or the other, would arrange to testify wherever the case is tried.

The fact that CAREstream might now prefer this action to take place in Canada for its convenience (contrary to the forum selection clause it signed) is not reason for this Court to abstain from hearing this case in deference to a Canadian court.

c.    *Factor 3 – avoiding piecemeal or duplicative litigation – does not favor abstention.*

Proceeding in Canada would not avoid piecemeal or duplicative litigation. As discussed above, this action and British Columbia Action I are not parallel. There are several claims in this action that are not asserted or at issue in British Columbia Action I and, therefore, will need to be resolved herein regardless of whether or not British Columbia Action I proceeds.

In addition, it is unlikely that British Columbia Action I will even proceed to the merits of CAREstream's claim for commission payments asserted therein. As stated above, the parties have agreed to a stay of British Columbia Action I for the time being.[56] And, Verathon has filed a Jurisdictional Response in British Columbia Action I contesting that court's jurisdiction over it.[57] Verathon never signed a forum selection clause submitting to

---

[56] Coblin Decl. ¶ 3 and Exhibits B and C.

[57] *Id*. ¶ 2 and Exhibit A.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 13

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

the jurisdiction of the British Columbia courts. If the British Columbia court enforces the parties' jurisdictional clause in the Agreement, British Columbia Action I will be dismissed. The agreed stay in British Columbia Action I for now defers that certainty of dismissal of British Columbia Action I for lack of jurisdiction.

Furthermore, CAREstream's assertions that the British Columbia court is "uniquely suited to address" the relevant issues and will need to determine "whether the Non-Competition clause is unenforceable under Canadian law" are incorrect and again ignore the parties' mandatory choice of law clause. Canadian law will never be at issue applied to determine whether CAREstream's conduct violates the Agreement governed by Washington law. Notably, CAREstream cites no authority for its unsupported assertions that Canadian law will govern anything in British Columbia Action I. It will not. The parties agreed that the Agreement, including its Non-Competition clause, "will be governed by, and interpreted in accordance with the laws of the State of **Washington** and the United States of America," not under Canadian law.[58]

CAREstream's accusation that Verathon has attempted to "forum shop" is not true and is simply another misrepresentation. Verathon filed an Application seeking an interim injunction against CAREstream in the Supreme Court of British Columbia pending the outcome of **this** case, simply so that CAREstream could not attempt to circumvent this Court's orders by arguing that they do not apply to it in Canada.[59]

CAREstream has not established that a stay of this action in abstention to a decision in British Columbia Action I would prevent piecemeal litigation. This factor does not support granting a stay. If anything, it supports denial of the requested stay.

---

[58] Sperry Decl. Exhibit A at §10.4 (emphasis added).

[59] Coblin Decl. ¶¶ 8–10.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION   CASE NO. 2:16-CV-00280 - 14

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

1

2

 d.   *Factor 4 – the order in which the forums obtained jurisdiction – does not favor abstention.*

3

CAREstream argues that this factor is "not pertinent" because this action and British

4

Columbia Action I "were filed on the same day."[60] In other words, CAREstream concedes

that this factor does not weigh in favor of abstention.

5

6

Even more than that, an accurate analysis of this factor actually weighs <u>against</u> this

Court abstaining in favor of the British Columbia court. This Court has obtained jurisdiction

7

over the parties and subject matter of the dispute. Both parties explicitly agreed in the

8

Agreement that they "submit to the jurisdiction of the state and federal courts located in

9

Seattle, Washington, USA."[61] CAREstream has never contested jurisdiction in this matter.

10

Indeed, CAREstream removed this case to this Court, arguing in its Notice of Removal that

11

"this Court has original jurisdiction over this case."[62] If CAREstream was contesting

12

jurisdiction, the proper response to the filing of this case in King County Superior Court

13

would have been a motion for lack of jurisdiction under Washington Civil Rule 12(b), not

14

removal to this Court which CAREstream admits has "original jurisdiction over this case."

15

The same is not true in in British Columbia Action I. The British Columbia court has

16

not obtained jurisdiction over Verathon in British Columbia Action I. To the contrary,

17

Verathon has filed a Jurisdictional Response in British Columbia Action I contesting that

18

court's jurisdiction over it.[63] Accordingly, this factor does not support granting a stay. If

19

anything, it supports denial of the requested stay.

20

21

22

23

[60] CAREstream's Motion at 8:25—26.

24

[61] Sperry Decl. Exhibit A at §10.4.

25

[62] Dkt #1.

26

[63] Coblin Decl. ¶ 2 and Exhibit A.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 15
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

e.      *Factor 5 – what law controls – does not favor abstention.*

Washington and United States law controls the claims between Verathon and CAREstream, pursuant to their mandatory choice of law provision in the Agreement.[64] CAREstream's argument otherwise is incorrect and wholly unsupported by any on point authority. Specifically, CAREstream's reliance on *Grammar, Inc. v. Custom Foam Sys. Ltd.*, 482 F. Supp. 2d 853 (E.D. Mich. 2007) is misplaced. In that case, the court decided that "either Canadian law or the law of one of the states will be applied" to the parties' contract dispute because there was a factual dispute over whether their choice of law clause applied to the contract at issue.[65] Here, there is no such factual dispute. The parties agree (and could not possibly dispute) that the Agreement, including its Non-Competition clause, is governed by "the laws of the State of Washington and the United States of America."[66] *Grammar* is not on point. CAREstream's argument is unsupported. Washington and United States law controls the claims between Verathon and CAREstream. This factor does not support abstention in favor of the British Columbia court.

f.      *The final factor – whether the foreign proceeding is adequate to protect the parties' rights – does not favor abstention.*

British Columbia Action I is not adequate to protect the parties' rights. For starters, as discussed above, British Columbia Action I is not parallel to this action, including because it does not include Verathon's claims for (1) Injunctive relief; (2) Breach of contract; (3) Replevin/foreclosure; (4) Violation of the Uniform Trade Secrets Act; (5) Conversion; or (6) Tortious Interference, and therefore, will not resolve all of the claims and issues in this action

---

[64] Sperry Decl. Exhibit A at §10.4.

[65] *Id.* at 859.

[66] Sperry Decl. Exhibit A at §10.4 (emphasis added).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION   CASE
NO. 2:16-CV-00280 - 16

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

1   that Verathon has a right to have adjudicated by this Court.[67] Nor could British Columbia

2   Action I include all of Verathon's claims. For example, Canada does not have a cause of

3   action analogous to Verathon's pending claim for a violation of the Uniform Trade Secrets

4   Act. Canada has no Trade Secrets Act.

5       In addition, CAREstream cannot credibly dispute that if the parties were to proceed

6   solely in British Columbia Action I, the British Columbia court would have to analyze the

7   Agreement and the causes of action under Washington and United States law as agreed in the

8   choice of law provision.

9       To ask a Washington court to abstain and instead allow a foreign court to conduct

10  such analysis is inappropriate and neither supported by authority or by common sense. This

11  Court, the decision maker with experience analyzing and adjudicating claims under

12  Washington and United States federal law, is the court that would adequately protect the

13  parties' rights at issue in this case.

14      Finally, and importantly, British Columbia Action I would not adequately protect

15  Verathon's rights under the Non-Competition clause because it would be impossible to

16  obtain a ruling enforcing the Non-Competition clause from that court before the expiration of

17  the Non-Competition clause on December 31, 2016.[68] No judge has been assigned to British

18  Columbia Action I, no discovery has been initiated, and no hearing or trial dates have been

19  set.[69] It will likely take at least a year from now for British Columbia Action I to make it to

20  trial.[70] By that time, the Non-Competition clause will have expired and Verathon's claims

21  seeking injunctive relief to enforce it will be moot. That type of delay is precisely what

22

23  [67] *See* Complaint (Dkt #1).

24  [68] Coblin Decl. ¶ 4.

25  [69] *Id.* ¶ 2.

26  [70] *Id.* ¶ 4.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 17
PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

1  CAREstream was looking for when it brought the instant motion. This Court should not

2  condone CAREstream's gamesmanship or its intellectually dishonest attempts to run out the

3  clock on the Non-Competition clause in lieu of abiding by its terms. British Columbia Action

4  I is not adequate to protect the parties' rights and this Court should not abstain in deference

5  to that foreign proceeding.

6       Quite incredibly, CAREstream argues that "federal district courts *routinely* stay the

7  proceedings pending the outcome of the foreign proceeding."[71] That is simply not true. As

8  discussed above, that is the opposite of what all of the relevant case law — including the

9  cases cited by CAREstream in support of that false proposition — truly instruct. "Absent

10 'exceptional circumstances,' federal courts have an obligation to exercise their jurisdiction

11 concurrently with other courts."[72] CAREstream has failed to demonstrate that sufficiently

12 exceptional circumstances exist for this Court to invoke the seldom used doctrine of

13 international abstention. Accordingly, CAREstream's motion should be denied.

14      **C.**    **CAREstream fails to satisfy the elements of forum *non conveniens*.**

15      CAREstream makes a second back stop argument that if this Court does not stay the

16 case, it should dismiss the case on the basis of forum *non conveniens*. That argument fails

17 and the request should be denied. As discussed above, the doctrine of forum *non conveniens*

18 is inapplicable in this case in light of the parties' forum selection clause. "If the parties have

19 selected laws mandating a particular venue, the law chosen dictates the forum and the

20 doctrine of forum *non conveniens* is inapplicable."[73] That is precisely the case here. The

21

---

22 [71] CAREstream's Motion at 11:6–9 (emphasis added).

23 [72] *Neuchatel Swiss Gen. Ins. Co.*, 925 F.2d at 1194 (citing *Colorado River*).

24 [73] *Magellan Real Estate Inv. Tr. v. Losch*, 109 F. Supp. 2d 1144, 1149 (D. Ariz. 2000)
   (emphasis added) (denying motion to dismiss on grounds of forum *non conveniens*). *See*
25 *also Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-cv-02311-RSM,
   2014 U.S. Dist. LEXIS 176327, at *11 (W.D. Wash. Dec. 19, 2014) (holding that "a valid
26 forum-selection clause should be given controlling weight in all but the most exceptional

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION CASE
NO. 2:16-CV-00280 - 18

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: 206.622.1711

parties agreed "to submit to the jurisdiction of the state and federal courts located in Seattle, Washington, USA."[74] Therefore, to argue that this forum is so inconvenient to require dismissal is absurd. The doctrine of forum *non conveniens* is inapplicable.

In addition, even if forum *non conveniens* were applicable in this case (which it is not), CAREstream has failed to make the showing necessary for the Court to dismiss this case under that doctrine. Like the international abstention doctrine, forum *non conveniens* is an exceptional tool to be utilized sparingly; "courts have been reluctant to apply the doctrine of forum *non conveniens* if its application would force an American citizen to seek redress in a foreign court."[75] There is no contention that Verathon is anything but a citizen of Washington state.[76]

As CAREstream admits, in order to establish the right to dismissal under forum *non conveniens*, CAREstream was required to make a "clear showing that either: (1) establish [sic] such oppression and vexation of a defendant as to be out of proportion to the plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems."[77] CAREstream has failed to come anywhere close to making such a showing. Notably, CAREstream is the defendant in this case because CAREstream chose this forum by removing this case to this Court. Therefore, CAREstream cannot possibly argue that this case involves "oppression and vexation of a defendant (CAREstream) . . . out of proportion to the plaintiff's (Verathon) convenience."

---

cases.") (citing *Atlantic Marine Const. Co. v. U.S. Dist. Court*, 134 S.Ct. 568, 579 (2013)).

[74] Sperry Decl. Exhibit A at §10.4.

[75] *Putz*, 2010 U.S. Dist. LEXIS 129411 at *33 (W.D. Wash. Dec. 7, 2010) (citing *Paper Operations Consultants Int'l, Ltd. v. SS Hong Kong Amber*, 513 F.2d 667, 672 (9th Cir. 1975)).

[76] *See* Notice of Removal (Dkt #1).

[77] CAREstream's Motion 12:25–13:3.

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION  CASE
NO. 2:16-CV-00280 - 19

PDX\129642\213666\FDL\18026694.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

1    In addition, neither private nor public interest factors favor dismissal of this case. For

2  all the reasons discussed above, CAREstream has failed to establish that this Court is an

3  inappropriate forum for this action. And CAREstream has also failed to demonstrate any

4  valid administrative or public policy problems with this Court deciding this case.

5  Accordingly, CAREstream's motion to dismiss for forum *non conveniens* should be denied.

6       **D.    The Court should require CAREstream to reimburse Verathon
                 for the reasonable attorneys' fees it expended responding to**

7                 **CAREstream's baseless motion.**

8         CAREstream's motion is a flagrant attempt to delay this case. Throughout its motion,

9  CAREstream (1) ignores the parties' forum selection and choice of law provisions in the

10  Agreement and (2) mischaracterizes legal authority that does not stand for the proposition for

11  which it is advanced. The motion was frivolous. It was submitted to cause delay, and it did

12  cause a delay prejudicial to Verathon. Upon CAREstream's filing of the instant motion, the

13  Court struck the scheduled Status Conference, resulting in an <u>at least</u> three-week delay of

14  Verathon's ability to appear before this Court and ask for an expedited trial date on at least

15  its claim for injunction.

16       Federal Rule of Civil Procedure 11(b) requires (1) that any motion submitted to this

17  Court not be "presented for any improper purpose, such as to harass, cause unnecessary

18  delay, or needlessly increase the cost of litigation" and (2) that the legal contentions asserted

19  in the motion "are warranted by existing law or by a nonfrivolous argument for extending,

20  modifying, or reversing existing law or for establishing new law." When any aspect of Rule

21  11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law

22  firm, or party that violated the rule or is responsible for the violation," including by entering

23  an order directing payment of the reasonable attorney's fees and expenses resulting from the

24  violation.[78] While Rule 11(c)(2) requires a party to bring a separate motion for sanctions

25  _____

26  [78] Fed. R. Civ. Pro 11(c). *See also National Computer, Ltd. v Tower Industries, Inc.* 708 F

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION   CASE
NO. 2:16-CV-00280 - 20

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone: 206.622.1711

PDX\129642\213666\FDL\18026694.1

1    rather than joining the request in a response (which Verathon reserves the right to do), the

2    Court may also "order an attorney, law firm, or party to show cause why conduct specifically

3    described in the order has not violated Rule 11(b)."

4         Verathon submits that, under these circumstances, the frivolity of CAREstream's

5    motion and the apparent tactics behind it warrant the entry by this Court of an Order

6    commanding CAREstream and/or its attorney to show cause why submission of the instant

7    motion did not violate Rule 11(b) and warrant reimbursement by CAREstream to Verathon

8    for the fees Verathon expended to respond to said motion.

9                                    **IV.    CONCLUSION**

10        Based on the foregoing, Verathon respectfully requests that the Court deny the

11   motion, order CAREstream to show cause why submission of the instant motion did not

12   violate Rule 11(b) and warrant requiring CAREstream to reimburse Verathon for the fees it

13   expended to respond to said motion, and schedule a Status Conference for the earliest

14   possible date so the parties can obtain a determination on the merits.

15

16        Dated this 25th day of April, 2016.

17                                    SCHWABE, WILLIAMSON & WYATT, P.C.

18

19                              By:    /s/ Farron Curry
                                       Joseph J. Straus, WSBA #12063
20                                     Email: jstraus@schwabe.com
                                       Farron Curry, WSBA #40559
21                                     Email: fcurry@schwabe.com
                                       *Attorneys for Plaintiff, Verathon*
22                                     *Medical, Inc.*

23

24
     ─────────────────────────────────────────
25   Supp 281 (N.D. Cal 1989). (the court awarded $1,500 in punitive sanctions against a
     California corporations' attorneys under Rule 11, where those attorneys filed a frivolous
26   motion to dismiss for lack of venue).

PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE               SCHWABE, WILLIAMSON & WYATT, P.C.
IN OPPOSITION TO DEFENDANT'S MOTION  CASE                        Attorneys at Law
                                                           1420 5th Avenue, Suite 3400
NO. 2:16-CV-00280 - 21                                        Seattle, WA 98101-4010
PDX\129642\213666\FDL\18026694.1                            Telephone: 206.622.1711

1

## CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 25th day of April, 2016, I arranged for service of the foregoing PLAINTIFF VERATHON MEDICAL, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY OR DISMISS ON THE GROUND OF FORUM *NON CONVENIENS* to the parties to this action via the Court's CM/ECF system as follows:

Scott Wilsdon
John H. Jamnback
Yarmuth Wilsdon Calfo PLLC
818 Stewart Street, Suite 1400
Seattle, WA 98101-3311
E-Mail:       wilsdon@yarmuth.com
              jjamnback@yarmuth.com

Barbara Bratton

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre
1420 5th Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone 206-622-1711

PDX\129642\213666\FDL\18026694.1